Filed 4/18/25  P. v. Poe CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>DAVID POE,<br><br>        Defendant and Appellant. | A170263<br><br>(Sonoma County<br>Super. Ct. No. SCR-16036-1) |

Defendant David Poe appeals following resentencing pursuant to Penal Code section 1172.75.  He contends the trial court applied the wrong legal standard in declining to exercise its discretion to strike a five-year enhancement for a prior serious felony conviction.  Defendant also argues— and the Attorney General agrees—that the abstract of judgment and minute order should be corrected to accurately reflect his conviction for count 2 and that the matter should be remanded for the trial court to calculate his custody credits.

We will remand for the trial court to correct the record and recalculate defendant's custody credits.  However, we otherwise affirm because defendant has not shown the trial court misapplied the law in deciding not to dismiss the enhancement.

# BACKGROUND

*Underlying Criminal Convictions and Sentence*

On the evening of February 8, 1989, 14-year-old Jane Doe walked to a park with an acquaintance she knew as "Wormy" along with two men she did not know, defendant and his codefendant at trial, Dominic Faber.[1]  After hanging out with the men for about 45 minutes, Doe tried to leave, and Wormy and defendant told her to stay and grabbed her arm.  Wormy took Doe behind a park bathroom.  Defendant was angry and "told [Doe] that before we leave there that [she] was going to fuck every one of them."  Defendant pushed Doe to the ground.  Doe started yelling, and defendant hit her on the chin and jaw on both sides of her face while straddling her.  Defendant and Faber repeatedly sexually assaulted Doe over the course of hours.  Doe estimated she was pinned to the ground behind the bathroom for close to three hours.

A jury convicted defendant of 12 offenses: sexual penetration with a minor (Pen. Code,[2] § 289, subd. (h); count 1), oral copulation with a minor (former § 288a, subd. (b)(1); count 2), three counts of forcible rape (former § 261, subd. (2); counts 3, 7, and 11), two counts of forcible oral copulation (former § 288a, subd. (c); counts 4 and 8), two counts of forcible rape in concert (§ 264.1; counts 5 and 9), two counts of forcible rape with a foreign object (§ 289, subd. (a); counts 6 and 10), and false imprisonment by violence (§ 236; count 12).  The jury also found true enhancement allegations that

---

[1] The facts of the offenses are based on Jane Doe's trial testimony.

[2] Undesignated statutory references are to the Penal Code.

defendant suffered a prior serious felony conviction (§ 667, subd. (a)) and served a prior prison term (former § 667.5, subd. (b)).[3]

In 1990, the trial court sentenced defendant to 83 years, eight months in prison, which included consecutive upper terms for most of the counts plus five years for the prior serious felony conviction and one year for the prison prior.

*Current Proceedings – Motion for Resentencing*

Effective January 1, 2020, section 667.5, subdivision (b), was amended to eliminate the one-year enhancement for prior prison terms except in cases where the defendant served the prior prison term for a qualifying sexually violent offense, and effective January 1, 2022, "the Legislature made the change retroactive." (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, __ [330 Cal.Rptr.3d 576, 581].)

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a [qualifying] sexually violent offense . . . is legally invalid."[4] "The statute expressly provides for [full] resentencing; once a trial court has determined that a defendant's current judgment includes a now-invalid prior prison term enhancement, 'the court shall recall the sentence

---

[3] The verdict is not part of the appellate record. In the information, which is in the record, it was alleged that defendant suffered prior serious felony convictions of kidnapping and rape in 1977 and rape and burglary in 1980 and that he served a state prison term for a conviction in 1986 of assault with a deadly weapon.

[4] In the present case, although defendant has prior convictions for violent sex offenses, the one-year enhancement for a prior prison term is based on a conviction of assault with a deadly weapon, not a qualifying sexually violent offense.

and resentence the defendant.' " (*People v. Terwilligar*, *supra*, 109 Cal.App.5th at p. __ [330 Cal.Rptr.3d at p. 581], quoting § 1172.75, subd. (c), italics omitted.) Section 1172.75, subdivision (d), requires, among other things, that the trial court "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

On December 5, 2023, defendant filed a motion for recall of his sentence and resentencing pursuant to section 1172.75. Defendant asserted he experienced "childhood trauma as a result of his upbringing," which included "physical abuse at the hands of several uncles" and exposure "to alcohol from a very young age as a result of rampant alcohol use by many members of his family," and he urged the court to impose lower terms for all counts. The prosecution filed an objection, conceding that the one-year enhancement for the prison prior was invalid, but opposing any other reduction in defendant's sentence. The prosecution recounted defendant's sexually violent criminal history, which included prior convictions of forcible rape, kidnapping, oral copulation, sodomy, and false imprisonment,[5] and noted defendant had been released on parole "a mere *2 days* before forcibly raping 14-year-old Jane Doe" in the current offenses.[6]

---

[5] Per his 1990 probation report, defendant was convicted by a jury in 1977, together with three codefendants including his brother and uncle, of kidnapping, forcible rape, forcible oral copulation, forcible sodomy, forcible rape in concert and false imprisonment of a 17-year-old girl, and, in 1974, when defendant was 16 years old, a juvenile court sustained allegations of gang rape by defendant and his younger brother.

[6] The prosecution argued defendant "has such a propensity for violence that he could not last more than 48 hours after being released from prison to find an innocent child to target while out on parole."

4

A hearing on defendant's motion was held March 29, 2024. The trial court stated it had reviewed the motion papers, the abstract of judgment, the information, the probation report from 1990, defendant's certified rap sheet and his prison discipline history. Defense counsel noted that defendant was separately serving a 25-year-to-life sentence "out of another county," and the prosecutor explained this was the result of defendant having been convicted of possession of a weapon in prison in 2014, a third strike. After reporting that "earlier this month [defendant] was found with another weapon in our jail," the prosecutor argued it was "very apparent over his lengthy criminal career that he cannot regulate his behavior under any circumstances" and, "No amount of age, maturity, supervision or consequences will stop him from violating the law and presenting a danger to anyone around him."

The trial court struck the one-year enhancement for the prison prior that was no longer valid but otherwise imposed the same sentence defendant received in 1990. Explaining its sentencing decision, the court cited the circumstances that the current crimes were "horrific," involving "sexually abusing a 14-year-old that [defendant] snatched off the street and tortur[ing] her and rap[ing] her . . . for three hours," and that defendant was a repeat sexual offender; he was over 30 years old at the time of the current offenses and he was previously convicted of sexually violent offenses committed when he was a juvenile and, later, when he was a young adult.

The court also relied on the circumstances that defendant "was on parole at the time of these offenses and he was released a mere two days before these violent and callous acts occurred" and he now "has even more convictions than he had" at the time of his original sentencing.

In addition, there were "thousands of pages of disciplinary chronology and rules violations in the CDC records," and defendant's prison discipline

records showed "lots of possessions of weapons, being under the influence of manufactured alcohol, attempted murder on an inmate, refusing a direct order, battery on a peace officer, battery on an inmate," "[f]looding a cell," "[e]ngaging in [mu]ual combat," and "[d]rug use."

The court described defendant's current and past sexual offenses as "[j]ust savage, really depraved behavior" and stated, "No woman would be safe around you, especially if they were young and vulnerable like the ones you preyed on were."

The trial court expressly declined to exercise its discretion to dismiss the five-year enhancement for the prior serious felony conviction. The court recognized it had such discretion but explained, "I decline to dismiss [the enhancement under section 667, subdivision (a),] because it would not be in the interest of justice due to the serious danger that is presented by [defendant's] conduct." Defendant was therefore sentenced to 82 years, eight months in prison.

## DISCUSSION

A. *The Trial Court's Decision Declining to Exercise its Discretion Under Section 1385 to Dismiss the Five-Year Enhancement*

Under section 1385, subdivision (c) (§ 1385(c)), the trial "court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385(c)(1).) In exercising its discretion under section 1385(c), "the court shall consider and afford great weight to evidence offered by the defendant to prove . . . [specified] mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means

6

there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385(c)(2).)

Here, it is not disputed that at least one mitigating circumstance is present.[7]  However, "consideration of the mitigating factors in section 1385(c)(2) is not required if the court finds that dismissal of the enhancement would endanger public safety."  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297.)

Defendant contends the trial court applied the wrong legal standard when it considered whether to exercise its discretion under section 1385 to dismiss the five-year enhancement for a prior serious felony conviction. Defendant relies on *People v. Gonzalez* (2024) 103 Cal.App.5th 215.)  There, the sentencing court stated its analysis under section 1385 was to determine whether the defendant " '*currently* at the time of sentencing represent[s] a danger to society,' " and it declined to dismiss an enhancement because it found, "*presently* he does represent a danger to society."  (*Id*. at p. 223, italics added.)  The Court of Appeal held the sentencing court applied an erroneous legal standard "because it considered *only* whether Gonzalez *currently* posed

---

[7] Defendant asserts that "[s]everal" mitigating circumstances apply in his case including "[t]he application of an enhancement could result in a sentence of over 20 years" (§ 1385(c)(2)(C)) and "[t]he enhancement is based on a prior conviction that is over five years old" (§ 1385(c)(2)(H)).  The Attorney General does not dispute the premise that defendant proved a mitigating circumstance applies.  We question whether section 1385(c)(2)(C) applies in this case given that defendant's sentence is over 20 years regardless of whether the five-year enhancement is imposed, but it does appear that section 1385(c)(2)(H) applies as the prior serious felony convictions alleged were more than five years old when he committed the current crimes in 1989.  (See *People v. O'Bannon* (2024) 105 Cal.App.5th 974, 984 ["the mitigating circumstance in section 1385, subdivision (c)(2)(H) is measured from the date of the defendant's prior conviction to when the defendant commits the current offense"].)

a danger to the public when assessing if a dismissal of the firearm enhancement would 'endanger public safety.' " (*Id.* at p. 230, some italics added.)  The *Gonzalez* court explained that the sentencing court's "singular focus on whether the defendant *currently* poses a danger" did not comport with section 1385(c)(2), which "focuses on the danger associated with the dismissal of an enhancement." (*Id.* at p. 228.)

But the trial court in this case did not singularly focus on whether defendant was currently dangerous.  Rather, the court properly considered his criminal history, the circumstances of the current offenses, and his conduct since incarceration to determine defendant "would [not] behave differently" at any unspecified time, not just at the time of sentencing.  Unlike the sentencing court in *Gonzalez*, the court here never stated or suggested its only task was to assess defendant's *current* dangerousness.

Defendant's appellate claim fails because he has not shown the trial court applied an incorrect standard in exercising its discretion under section 1385.  (See *People v. Reyes* (2016) 246 Cal.App.4th 62, 82 [a sentencing "court is 'presumed to have been aware of and followed the applicable law' " and the burden is on the appellant to demonstrate the court misunderstood its sentencing discretion].)

B.      *Correcting the Abstract of Judgment and Minute Order*

Next, defendant argues the minute order and abstract of judgment must be corrected to properly reflect the conviction on count 2.  The Attorney General agrees.  For count 2, the jury found defendant guilty of oral copulation with a minor in violation of former section 288a, subdivision (b)(1), but the minute order and abstract of judgment show count 2 as "288(b)(1)."  Accordingly, we instruct the trial court to correct the minute order and abstract of judgment to accurately reflect defendant's conviction for count 2

8

as a violation of section 288a, subdivision (b)(1).  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time"].)

C.  *Custody Credits*

When a defendant is resentenced "during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' "  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23 (*Buckhalter*); see § 2900.1 [when a sentence is modified while being served, the time already served "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts"].)

Here, the trial court gave defendant the same credit award he received with his original sentence in 1990, but defendant should have been credited with the time he spent in custody up to resentencing in 2024.  (See *Buckhalter*, *supra*, 26 Cal.4th at p. 37.)

Defendant contends the matter must be remanded for the trial court to calculate his custody credits, and the Attorney General concedes the point. We agree with the parties.  Accordingly, we remand the matter and direct the trial court to recalculate defendant's post-sentence custody credits.

## DISPOSITION

The matter is remanded with directions to the trial court (1) to correct the minute order and abstract of judgment to reflect that count 2 is for violation of Penal Code section 288a, subdivision (b)(1), and (2) to recalculate defendant's custody credits.  In all other respects, the judgment is affirmed.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Desautels, J.


A170263, *People v. Poe*